USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
ISHMAEL WORSHAM,

                Petitioner,

   -against-

CALVIN WEST, Superintendent
   Elmira Correctional Facility,

                Respondent.

----------------------------------x

05 Civ. 530 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

On December 22, 2005, United States Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed. (Report at 6). Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y 1985). After conducting the appropriate level of

1

review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d). Petitioner has objected to Judge Francis' recommendation that his Petition for habeas corpus be dismissed as time-barred. The Court will review the objected-to portions of the Report de novo. See Nelson, 618 F. Supp. at 1190. ("To the extent petitioner's objections are specifically directed at one or more portions of the Report, . . . the Court must make a de novo determination of the matters underlying such objections.").

The facts in this matter are largely set forth in the Report and unless relevant will not be reiterated here.

## I. DISCUSSION

Petitioner objects to Judge Francis' conclusion that his Petition is time-barred for three main reasons. First, Petitioner argues that he could not file his Petition on time because he had no understanding of how the statute of limitations affected his petition. (Pet.'s Obj. at 2.) Second, he contends that his confinement to the prison's special housing unit was an "extraordinary circumstance" preventing him from filing a timely petition because while there he was deprived of access to the law library. (Pet.'s Obj. at 2.) Third, he argues that his "letters

2

written to request transcripts and all other needed paperwork" prove that he exercised reasonable diligence during the period he seeks to toll. (Pet.'s Obj. At 1.)

A habeas petitioner who seeks to toll equitably the one-year statute of limitations must show that a "rare and exceptional circumstance" prevented him from filing his petition on time. Smith v. McGinnis, 208 F.3d at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)); see also Saunders v. Edwards, 171 Fed. Appx. 872, 873 (2d Cir. 2005). The petitioner must "demonstrate a causal relationship between those circumstances and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (finding that the intentional confiscation of a prisoner's habeas petition and related legal papers by a corrections officer is "extraordinary", warranting equitable tolling)).

Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases. Velasquez v. United States, 4 F. Supp. 2d 331, 334 (S.D.N.Y. 1998). See also Nash v. McGinnis, 2005 WL 1719871, at

3

*3 (S.D.N.Y. 2005) (citing Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (holding that ignorance of law and legal procedure is not so exceptional as to merit equitable tolling). See also Corrigan v. Barbery, 371 F. Supp. 2d 325 (W.D.N.Y 2005) ("simple ignorance of the applicable rules does not excuse petitioner's failure to file a timely petition."). Accordingly, Petitioner's objection that he did not know that the applicable statute of limitations was running is unavailing.

Petitioner also asserts that his confinement in the prison's special housing unit from February 3, 2003, to April 21, 2003 prevented him from filing his Petition before the applicable statute of limitations period ran on February 26, 2003. (Pet.'s Obj. at 2.) Petitioner attributes the untimeliness of his filing to the housing unit's having denied him access to the law library and to the "limited" nature of "supplies" handed out during his confinement there. (Pet.'s Obj. at 2.)

Courts usually do not consider a transfer between facilities that may limit a prisoner's access to legal materials to be an extraordinary circumstance. See Gant v. Goord, 2006 WL 1216722, at *3 (W.D.N.Y. May, 2006) ("In general, the difficulties of prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves

4

qualify as extraordinary circumstances.") (citing Amante v. Walker, F. Supp. 2d 154, 158 (E.D.N.Y. 1999). See also Moreno-Castillo v. United States, 2003 WL 23109747, at *2 (S.D.N.Y. 2003) ("[P]rison transfers and unavailability of legal libraries is not sufficiently extraordinary to merit equitable tolling.").

Even had Petitioner's lack of access to the law library and other "supplies" constituted an extraordinary circumstance, Petitioner has not shown that "this extraordinary circumstance prevented him from filing a timely habeas petition." Hizbullahankhamon, 255 F.3d at 76. Petitioner was housed in the special housing unit for seventy-seven days, from February 3, 2003, to April 21, 2003. Petitioner could have filed his habeas petition during the more than eleven months that followed his final conviction on February 26, 2002. (Pet.'s Obj. at 2.) Cf. Saunders, 171 Fed. Appx. at 873 (holding that a petitioner who filed "a number of" non-habeas civil procedings while his habeas statute of limitations ran suggested that no extraordinary circumstance warranted tolling). Moreover, even were the Court to toll the statute during the seventy-seven days Petitioner spent in the special housing unit, the petition was not filed until October 20, 2004, and still would not have been timely.

Petitioner argues that the statute of limitations should be tolled because he exercised reasonable diligence during the

period leading up to his filing. Under McGinnis, a petitioner seeking equitable tolling of the limitations period "must have acted with reasonable diligence throughout the period he seeks to toll." 208 F.3d at 17. "It makes sense that, where a petitioner is unrepresented, the due diligence standard looks to what a reasonably diligent pro se petitioner would have done under the circumstances; otherwise the bar would be raised beyond that of the average 'reasonably diligent' petitioner." Rodriquez v. New York, 2003 WL 289598, at *18 (S.D.N.Y. Feb. 11, 2003).

Petitioner wrote two letters to state court personnel on January 17, 2003 to request transcripts of his hearings. (See Pet.'s Aff. Ex. A.) He also wrote one letter on the same date to an attorney, requesting the attorney's signature on his Affirmation. (See id.) The date on these letters - January 17, 2003 - was approximately five weeks before the statute of limitations had run on February 26, 2003. That Petitioner submitted only three requests for paperwork - requests that took eleven months to make - evinces a lack of reasonable diligence during the period Petitioner seeks to toll.

Because Petitioner fails to demonstrate extraordinary circumstances that merit tolling the statute of limitations for a habeas petition under 28 U.S.C. § 2254, and because this Court finds no clear error in the sections of the Report to which

Petitioner does not object, this Court hereby ADOPTS Judge Francis' conclusion on this issue.

## II. CONCLUSION

ORDERED AND ADJUDGED as follows: the Report and Recommendation of United States Magistrate Judge James C. Francis IV, dated December 22, 2005, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety. Accordingly, Petitioner's Petition is hereby DENIED as time-barred.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962).

SO ORDERED.

Dated: New York, New York
August 23, 2006

DEBORAH A. BATTS
United States District Judge